ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By: CHARLES TRULLINGER (018936)
    BRIAN PALMER (02394)
    Deputy County Attorneys
    trullinc@mcao.maricopa.gov
    palmerb@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorney for Defendants' Maricopa County
and Sheriff Paul Penzone

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Ivchenko, a married individual. | No. CV19-05834 ROS-(DMF) |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANTS MARICOPA COUNTY AND SHERIFF PAUL PENZONE** |
| City of Scottsdale, a municipal corporation; Officer Brandon Treglown, in his individual capacity, Officer Sean Charles Ryan, in his individual capacity, Officer Timothy Michael Dearing, in his individual capacity, Maricopa County, a governmental entity, Sheriff Paul Penzone, in his official and individual capacities, | |
| | (Honorable Roslyn O. Silver) |
| Defendants. | |

Defendants Maricopa County and Sheriff Paul Penzone ("County Defendants"), by

and through undersigned counsel, hereby answer Plaintiff's Complaint by denying each

1

and every allegation therein except as otherwise admitted or qualified, as follows:

## **NATURE OF THE ACTION**

1.  County Defendants admit that Plaintiff purports to bring the claims generally described in paragraph 1 of the Complaint. County Defendants deny Plaintiff's claims are valid.

## **PARTIES, JURISDICTION AND VENUE**

2.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint. Accordingly, County Defendants must deny same.

3.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint. Accordingly, County Defendants must deny same.

4.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint. Accordingly, County Defendants must deny same.

5.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint. Accordingly, County Defendants must deny same.

6.  County Defendants admit that the City of Scottsdale is a municipal corporation that has a police department. County Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of the Complaint. Accordingly, County Defendants must deny same.

7.  County Defendants admit that Maricopa County is a governmental entity, that Sheriff Penzone is an elected official and that Sheriff Penzone is a county officer. Defendants admit that current case law holds Maricopa County liable for Sheriff Penzone's official jail policies. County Defendants deny that Maricopa County operates the Maricopa County jails and denies any implication that Maricopa County is liable for actions of Sheriff Penzone or his deputies that are not related to an official jail policy.

8.  County Defendants admit that Sheriff Penzone is a law enforcement officer, that he was elected Sheriff of Maricopa County in 2016, that he was employed by the Phoenix Police Department some time prior to his election as Maricopa County Sheriff, and that Plaintiff's Complaint purports to sue him in his individual and official capacities. County Defendants deny the rest and remainder of Paragraph 8.

## FACTUAL BACKGROUND

9.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint. Accordingly, County Defendants must deny same.

10.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint. Accordingly, County Defendants must deny same.

11.  County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint. Accordingly, County Defendants must deny same.

12.  County Defendants are without sufficient information to admit or deny the

allegations contained in paragraph 12 of the Complaint. Accordingly, County Defendants must deny same.

13. County Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint. Accordingly, County Defendants must deny same.

14. County Defendants admit that a DNA sample was taken of Plaintiff on pursuant to jail policy. County Defendants admit that A.R.S. § 13-610 is related to DNA testing for certain arrested and convicted persons as described in the statute. County Defendants deny that taking Plaintiff's DNA sample was in violation of state law and the Fourth Amendment. County Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 14 of the Complaint. Accordingly, County Defendants must deny same.

## Count I[1]

**(42 U.S.C. §1983 – Unlawful Arrest, Excessive Force, Failure to Intervene and Conspiracy in Violation of The Fourth and Fourteenth Amendment) as To City of Scottsdale and Defendants Treglown, Ryan, and Dearing**

15. County Defendants incorporate their answers to paragraphs 1-14 as though fully set forth herein.

16. Paragraph 16 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and

---

[1] "Count I," "Count II," and "Count III" were added to Plaintiff's subject-matter headings for clarity.

accordingly must deny same.

17. Paragraph 17 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

18. Paragraph 18 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

19. Paragraph 19 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

20. Paragraph 20 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

21. Paragraph 21 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

22. Paragraph 22 of the Complaint is not an allegation against the County Defendants,

and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

23. Paragraph 23 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

24. Paragraph 24 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

25. Paragraph 25 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

26. Paragraph 26 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

27. Paragraph 27 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and

accordingly must deny same.

28. Paragraph 28 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

## COUNT II

### (42 U.S.C. § 12132, The Rehabilitation Act and Failure to Train) as to City of Scottsdale

29. County Defendants incorporate their answers to paragraphs 1-28 as though fully set forth herein.

30. Paragraph 30 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

31. Paragraph 31 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

32. Paragraph 32 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

33. Paragraph 33 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

34. Paragraph 34 of the Complaint is not an allegation against the County Defendants, and therefore does not require a response from them. To the extent a response is required, County Defendants are without sufficient information to admit or deny the allegations and accordingly must deny same.

**COUNT III**

**(42 U.S.C. §1983 – Unreasonable Search and Seizure) as to Maricopa County and Sheriff Penzone**

35. County Defendants incorporate their answers to paragraphs 1-34 as though fully set forth herein.

36. County Defendants admit that A.R.S. § 13-610(M) permits a person who has had a DNA sample taken to petition the superior court to expunge the sample. County Defendants County Defendants deny the rest and remainder of the allegations of paragraph 36 of the Complaint.

37. County Defendants deny the allegation of Paragraph 37 of the Complaint, which purports to allege that Sheriff Penzone, in his individual capacity, was personally involved in collecting Plaintiff's DNA sample.

38. County Defendants deny the allegations of Paragraph 38 of the Complaint.

39. County Defendants deny the allegations of Paragraph 39 of the Complaint.

40. County Defendants deny the allegations of Paragraph 40 of the Complaint.

41. County Defendants deny the allegations of Paragraph 41 of the Complaint.

42. County Defendants deny the allegations of Paragraph 42 of the Complaint.

43. County Defendants deny the allegations of Paragraph 43 of the Complaint.

44. County Defendants deny the allegations of Paragraph 44 of the Complaint.

45. County Defendants deny the allegations of Paragraph 45 of the Complaint.

46. County Defendants deny the allegations of Paragraph 46 of the Complaint.

## **AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendants hereby assert the following affirmative defenses:

1.   Defendants allege all affirmative defenses listed in Federal Rule of Civil Procedure 8(c), as well as any other affirmative defenses that may come to light during discovery, including but not limited to:  accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter which constitutes an avoidance or affirmative defense.

2.   Defendants allege all affirmative defenses listed in Federal Rule of Civil Procedure 12(b), as well as any other affirmative defenses that may come to light during discovery, including but not limited to:  lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under

Rule 19.

3.    Defendants allege Plaintiff's failure to properly plead special matters pursuant to Federal Rule of Civil Procedure 9.

4.    Plaintiff has failed to exhaust all available administrative remedies.

5.    Plaintiff is contributorily or comparatively at fault for any alleged injuries and damages and such fault should bar Plaintiff from any recovery or should reduce Plaintiff's alleged damages by his percentage of comparative fault.

6.    Plaintiff has failed to mitigate her damages.

7.    Plaintiff has failed to sufficiently allege Constitutional violations against Defendants.  Neither Defendants' actions nor inactions violated the federal constitutional rights of Plaintiff.

8.    Plaintiff cannot demonstrate that any deprivation of constitutional rights occurred as a result of any officially adopted policy, practice or custom and, thus, no officially adopted policy, practice or custom can give rise to liability on the part of Defendants. Further, Plaintiff cannot establish that any policy, practice or custom proximately caused her alleged damages.

9.    Defendants are entitled to absolute and/or qualified immunity under Federal and/or State law.

10.  Plaintiff failed to file and serve a proper notice of claim for each state law claim, if any, in violation of A.R.S. § 12-821.01.

11.  The actual and/or proximate cause of the subject incident may have been the fault of a person or entity other than the Defendants filing this Answer.  Defendants will

supplement this section if/when the identity of those persons or entities become known in accordance with Federal Rules of Civil Procedure.

12.  Plaintiff is barred from recovering punitive damages against Defendants.

13.  Defendants affirmatively allege the defenses under A.R.S. §§ 12-711, 12-712, 12-713, and 12-716.

14.  To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants respectfully demand a trial by jury on all issues triable of right by a jury.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants hereby request the following relief:

1.  That this action be dismissed with prejudice in its entirety, with Plaintiff taking nothing and with Judgment entered in favor of Defendants;

2.  That Plaintiff be ordered to pay Defendants' costs and attorney fees; and

3.  For such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 3rd day of February, 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY: */s/ Chuck Trullinger*   `
CHARLES TRULLINGER
BRIAN PALMER
Deputy County Attorneys
*Attorneys for Defendant Maricopa*
*County and Sheriff Paul Penzone*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Roslyn O. Silver
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street, SPC 59
Phoenix, AZ 85003-2151

Honorable Deborah M. Fine
Magistrate Judge
United States District Court
c/o: Office of Clerk of Court
U.S. District Court – District of Arizona
401 W. Washington St.
Phoenix, AZ 85003

Elizabeth D. Tate
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ  85016
*Attorney for Plaintiff Renee Ivchenko*


/s/ *D. Shinabarger*
S:\CIVIL\CIV\Matters\CJ\2019\Ivchenko Renee CJ2019 0303\Pleadings\Word\Answer of MC and Penzone.docx