Elizabeth D. Tate   AZ Bar No.  32659
2953 N. 48th Street
Phoenix, AZ 85018-7749
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Renee Ivchenko

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Renee Ivchenko,** | **Case # 2:19cv5834-PHX-ROS** |
| Plaintiff, | |
| v. | **PLAINTIFF'S MIDPP DISCLOSURES** |
| **City of Scottdale, a municipal corporation, et. al.** | |
| Defendants. | |

Plaintiff Renee Ivchenko, by Elizabeth D. Tate, by her undersigned counsel, provides the following Mandatory Initial Discovery Pilot Project Disclosures.

### 1. Parties who have discoverable information

**1.** Renee Ivchenko, c/o her undersigned counsel: to testify as to all matters in her Complaint and these disclosures



 1  **2.**  Georganne K. Novak, MD 4318 Mission Ave. Oceanside, CA 92057
 2  Phone: (760) 901-5010 is Plaintiff's family doctor who is expected to testify
 3  concerning Plaintiff's addiction with alcohol.

 4  3. Christian Small, MD 561 Saxony Pl
 5  Encinitas, CA 92024 Phone: (760) 704-9429 is Plaintiff's doctor for seizures who
    can testify as to her disability.
 6
 7  4. Origins Recovery Center 4405 Padre Blvd. South Padre Island, TX 78597
    Phone: (844) 820-7391 is Plaintiff's treatment center who treated her for
 8  alcoholism in June of 2017.

 9
    5. Sierra Tucson 39580 S Lago Del Oro Pkwy Tucson, AZ 85739 Phone: (844)
10  335-1495 is Plaintiff's treatment center who treated her in 2017.

11
    6. Scottsdale Detox Center of Arizona ATTN: Dr. Reyes Topete 7283 E Earll Dr.
12  Building B Scottsdale, AZ 85251 phone 480-646-7660 is Plaintiff's treatment
13  center with several detox admissions in 2017 and 2018.

14
    7. St. Luke's Behavioral Health Center 1800 East Van Buren St. Phoenix, AZ
15  85006 is Plaintiff's detox center admitted to detox in 5-17.

16
    8. Serenity Care Centers13951 W Meeker Blvd, Sun City West, AZ 85375
17  Phone: (602) 786-7485 is Plaintiff's detox center that treated with visits in
18  2017/2018

19
    9. La Hacienda Treatment Center ATTN: Dr. James Boone145 La Hacienda Way
20  SW Hunt, TX 78024, phone 800-749-6160 Plaintiff's treatment center that
21  admitted her in 10-16.

22  10. The Meadows 68 N. Tegner St. Wickenburg, AZ 85390 Phone: 800-244-4949
23  ext. 84106 is Plaintiff's treatment center that admitted Plaintiff in 3-15-19

24  11. Betty Ford Center 39000 Bob Hope Dr .Rancho Mirage, CA is Plaintiff's
25  treatment center which admitted Plaintiff in  8-22-19 telephone  -800-257-
    7800/7810
26

27

28



12. Andrew Ivchenko 4960 S. Gilbert Road 1-226 Chandler, AZ 85249 is expected to testify concerning the events described in the Complaint and effects of incidents on Mrs. Ivchenko.

13. Sergeant Michael c/o defense counsel is Defendant Officers' supervisor who is expected to testify concerning events raised in Plaintiff's complaint.

14 Defendant Treglown c/o defense counsel is expected to testify concerning events raised in Plaintiff's complaint.

15. Defendant Ryan c/o defense counsel is expected to testify concerning events raised in Plaintiff's complaint.

16. Defendant Dearing c/o defense counsel is expected to testify concerning events raised in Plaintiff's complaint.

17. All witnesses listed by Defendants

## 2. All persons who are believed to have given written or recorded statements

1. None known.

## 3. List of relevant evidence

2. All discovery provided by the Defendants with or listed in their respective MIDPP disclosures.

3. Plaintiff's medical records to be provided.

4. Video recordings of the events. IVCHENKO0000001-3

5. All documents listed by Defendants.

## 4. Claims: The Facts and Legal Theories

The pertinent facts are set forth in the First Amended Complaint and in the witness testimony summaries in section one supra.



On April 21, 2018, Plaintiff, Mrs. Ivchenko was severely intoxicated in her home when she made a baseless call to 911 to report that her husband, Mr. Ivchenko was abusing her. The Defendant Police Officers arrived at the home, along with their sergeant. Mr. Ivchenko explained Mrs. Ivchenko's condition and history. Mrs. Ivchenko had called 911 before while intoxicated and each time the officers took her to detox. However, the Defendants seem unfamiliar with the process the City had implemented before and instructed Mr. Ivchenko to leave the home.

Mr. Ivchenko did not want to leave the home because he knew someone would have to care for his wife who was prone to seizures and blackouts. As he prepared to leave, Mrs. Ivchenko asked for permission today goodbye to her husband and that is when the trouble started. Defendant Treglown became infuriated by Mrs. Ivchenko's inability to comply with and understand his instructions. The whole interaction was captured on video which shows Officer Treglown shoving Mrs. Ivchenko two times. Mrs. Ivchenko asked the officer, "How can you treat me like that?" Officer Treglown then falsely asserted that Mrs. Ivchenko had assaulted him. The other two Defendant Officers did nothing to assist Mrs. Ivchenko and were complicit in Treglown's abuse and false arrest. Clearly, Mrs. Ivchenko was arrested because of her disability.

Mrs. Ivchenko brings a 1983 claim because the Defendant Officers were improperly trained and violated her right to be free from false arrest and peacefully remain in her home. Mrs. Ivchenko brings a Rehab Act and ADA claim because she alleges that she was intentionally discriminated against because of her disability to wit, alcoholism. Mrs. Ivchenko seeks compensatory damages and attorney's fees and punitive damages against the individual officers.

### 5. Calculations of Damages



Plaintiff seeks damages for emotional distress and mental suffering.

In *Migis v. Pearle Vision, Inc.*, 135 F. 3d 1041, 1046-1047 (5th Cir., 1998), the Fifth Circuit said:

> "The evidence of mental anguish testimony in the pending case consisted solely of Migis's testimony. She testified that her termination, which came without warning, was "a major inconvenience," and that she suffered low self-esteem "not only from not having worked but from getting terminated and not offered a position that I thought I was qualified for...." With her new baby she suffered financial hardships. She stated that she suffered "almost what I would call stress attacks or anxiety attacks," marital hardship, and "major stress," as well as "lot[s] of crying, sleeplessness.
> "Judgments regarding noneconomic damages are notoriously variable." <u>Forsyth v. City of Dallas,</u> 91 F.3d 769, 774 (5th Cir.1996), *cert. denied,* <u>522 U.S. 816, 118 S.Ct. 64, 139 L.Ed.2d 26 (1997)</u>. We conclude that the award of compensatory damages was within the court's discretion. As explained above, *Patterson* recognizes that mental anguish damages may be appropriate where the plaintiff suffers sleeplessness, anxiety, stress, marital problems, and humiliation, and does not always require that the plaintiff offer medical evidence or corroborating testimony in addition to her own testimony. *Farpella-Crosby,* too, accepts that stress and humiliation can support an award of mental anguish damages. Migis's testimony of anxiety, sleeplessness, stress, marital hardship and loss of self-esteem was sufficiently detailed to preclude us from holding that the district court abused its discretion in its award of compensatory damages. (emphasis added)."

Both the Ninth Circuit and the Arizona Court of Appeals have upheld large non-economic damages verdicts for plaintiffs, stating that a jury is given wide discretion to determine what sum may be appropriate or fair compensation without any mathematical formula or requirement of precision for such calculations.   *Harper v. City of Los Angeles*, 533 F. 3d 1010, 1029-1030 (9th Cir., 2008) (headnotes 28-31).   *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F. 3d 493 (9th Cir., 2000) (headnote 37).   *Felder v. Physiotherapy Associates,* 215 Ariz. 154, 158 P. 3d 877 (App., 2007) (headnotes 3-7).

Ivchenko seeks damages of at least $250,000.00.

<u>Ivchenko will also be seeking her reasonable attorneys' fees and taxable costs.</u>

### 6. Insurance Coverage



Plaintiff has no knowledge or information regarding what insurance coverage there is for the Defendant with respect to her claims in this lawsuit.

Respectfully submitted on this June 8, 2020.

/s/ Elizabeth D. Tate
Elizabeth D. Tate
Attorney for Plaintiff Renee Ivchenko

These Disclosures shall be transmitted by e-mail this June 8, 2020 to:

Diana Day
dday@scottsdaleaz.gov

by: /s/ Elizabeth D. Tate
Elizabeth D. Tate

