| | |
|---|---|
| **From:** | Elizabeth Tate |
| **To:** | Day, Diana |
| **Cc:** | Frost, Vickie |
| **Subject:** | Re: Ivchenko v. City of Scottsdale |
| **Date:** | Thursday, May 28, 2020 2:10:14 PM |

**External Email: Please use caution if opening links or attachments!**

Thank you for your email. I will respond with case law shortly.

Sent from my iPhone

On May 28, 2020, at 1:27 PM, Day, Diana <DDay@scottsdaleaz.gov> wrote:

Hi Elizabeth,

I have spoken with my clients about your proposal of an early settlement, and the City is not interested at this time. I have reviewed the reports and the officer on-body-camera footage in detail, and I don't see that this incident amounts to a violation of federal law or any clearly established federal constitutional right. We are working on getting unredacted video ready for you, but I think you'll see in the video that key details differ from the narrative described in your clients' notice of claim and complaint. Ms. Ivchenko attempted to physically evade the officers' requests to stay in an area away from her husband/victim, she became agitated and combative when prevented from speaking with him, and she refused to obey lawful commands. In looking into Ms. Ivchenko's history of 911 calls, this isn't the first time she has attempted to assault the first responders who have come in response to her calls for aid. It is merely the first time she was arrested for a consistent and unfortunate pattern of conduct while under the influence.

Please let me know your availability for us to have our discovery conference next week. I would like to start a dialogue with you regarding the constitutional claims. Qualified immunity is a high bar that protects the officers and the City, and the question should be resolved early in the litigation. Having reviewed the use of force case law, I see no precedent that clearly establishes that officers cannot arrest suspects for conduct that Ms. Ivchenko engaged in on this house call or that the use of force was anything other than proportional. Ms. Ivchenko should know that the City does pursue judgments for fees and costs under Section 1988. She will also need to identify with particularity the federal rights alleged to have been violated. If you have any case law that clearly establishes any of these rights for qualified immunity purposes, please forward it to me--I think it's important and in both of our clients' best interests to keep the dialog open.

Finally, I am also working on getting you records from the Fire Department, but they will be heavily redacted in accordance with medical privacy laws.  I can provide you with unredacted copies of all records upon receipt of a HIPAA or medical release from your client authorizing us to release these records to you directly.  Please forward at your earliest convenience.

Thanks for your attention.  I look forward to hearing from you.

Thanks,
Diana


Diana Day, Assistant City Attorney

Scottsdale City Attorney's Office

3939 North Drinkwater Boulevard

Scottsdale, Arizona 85251

480-312-2661 direct line

480-312-2405 main line

dday@scottsdaleaz.gov


_____

This message contains information that may be confidential and privileged.  If you are not the intended recipient, you are hereby notified not to read the message and that any dissemination, distribution, or copying of this message or any attachment(s), is strictly prohibited.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.  If you have received this message in error, please advise the sender by replying to this email and then deleting the message and any attachment(s). Thank you.

| | |
|---|---|
| **From:** | Day, Diana |
| **To:** | Elizabeth Tate |
| **Cc:** | Frost, Vickie; Taebel, Danielle |
| **Subject:** | RE: Ivchenko v. City of Scottsdale et al. - IVCHENKO0000003 |
| **Date:** | Monday, June 8, 2020 6:20:00 PM |

Dear Elizabeth,

Your MIDP was due on March 3. I did not receive any request from you to extend the time for providing your MIDP until I asked you about it during our case management meeting on June 2. You asked for an extension of time. I agreed that you could send me your MIDP over the weekend (along with the draft CMC report) so that I would have it first thing this morning. Even with the lengthy extension of time, I did not receive your purported MIDP until 10:30 a.m., necessitating a rush to review your MIDP as well as provide the defense portions of the CMC draft, which I am still working on.

The document that you sent me does not comply with the court's MIDP order. This email constitutes my attempts to meet and confer with you regarding the deficiencies in Plaintiff's MIDP.

•	For all witnesses, the extremely brief descriptions of anticipated testimony do not contain "a fair description of the nature of the information each such person is believed to possess" that would enable Defendants to ascertain whether these witnesses have any information relevant to this case or enable them to determine whether pursuing discovery from these individuals is sufficiently relevant to justify the burden or expense.

•	There is no contact information for nonparty witness Andrew Ivchenko. **Do you represent him? If so, in what capacity?**

•	The list of documents contains a reference to "Plaintiff's medical records" without any additional detail that would permit Defendants to discover what documents Plaintiff is referring to and whether they are relevant to any issues in this lawsuit. Additionally, Plaintiff has failed to provide or make available any "medical records" with the MIDP response.

•	Plaintiff did not disclose the 911 recordings in her possession (which are not in possession of Defendants due to records retention schedules), as she produced only .xspf files which are playlist shortcuts which do not contain the actual media. Pursuant to the parties' agreements, these should be produced in a commonly playable media file format, such as mp3, .mp4, or .wav. **As my paralegal Danielle has explained to you multiple times today, if you are sending us a .xspf file, you are sending us the wrong file.**

•	Plaintiff does not state the legal theories or facts giving rise to her claims. The only facts alleged are a description of the incident. Defendants are unable to ascertain what conduct from each Defendant would allegedly give rise to liability. This does not put Defendants on notice of what actual conduct is at issue as to any individual defendant or what legal theories are alleged that would give rise to any viable liability claims under either 42 U.S.C. § 1983 or the Rehabilitation Act or the Americans with Disabilities Act. Plaintiff fails to articulate with sufficient specificity what clearly

established right each Defendant is alleged to have violated.  **On May 28, via email, I asked you for any case law you have demonstrating that qualified immunity does not apply to bar the entirety of this claim.  You responded on May 28 with: "Thank you for your email. I will respond with case law shortly."  I asked you again for this information at our June 2 case meeting, as I explained that I could not locate any law that would allow you to maintain a cause of action against the City Defendants and that I believed your case should be dismissed as a matter of law.  Plaintiff has the burden to articulate the basis for liability, including the burden of establishing with particularity that there is a "clearly established" constitutional right that <u>each</u> defendant allegedly violated.  Absent this, there does not appear to be any good faith basis to continue litigation against the City Defendants.**

Please correct these deficiencies immediately.

Regards,


Diana Day, Assistant City Attorney
Scottsdale City Attorney's Office
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
480-312-2661 direct line
480-312-2405 main line
dday@scottsdaleaz.gov

_____

This message contains information that may be confidential and privileged.  If you are not the intended recipient, you are hereby notified not to read the message and that any dissemination, distribution, or copying of this message or any attachment(s), is strictly prohibited.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.  If you have received this message in error, please advise the sender by replying to this email and then deleting the message and any attachment(s). Thank you.

---

**From:** Elizabeth Tate <attorneyelizabethtate@yahoo.com>
**Sent:** Monday, June 8, 2020 5:40 PM
**To:** Taebel, Danielle <dtaebel@scottsdaleaz.gov>
**Cc:** Day, Diana <DDay@Scottsdaleaz.gov>; Frost, Vickie <VFrost@Scottsdaleaz.gov>
**Subject:** Re: Ivchenko v. City of Scottsdale et al. - IVCHENKO0000003

⚠️**External Email: Please use caution if opening links or attachments!**
Dear Ms. Taebel,

Here is the 3rd of 3 attachements.

Thank you, again!

Sincerely,

Natalie Elton
Assistant to Elizabeth D. Tate, Esq.

On Monday, June 8, 2020, 05:10:05 PM MST, Taebel, Danielle <dtaebel@scottsdaleaz.gov> wrote:

Hi, Natalie.  Thanks for resending but, unfortunately, these are the same file shortcuts we previously received and we are unable to open shortcut links to your documents.  Can you please resend the actual files?  (I think if you right click on the file there will be an option to choose "open file location," and that may take you to the actual file, depending on various factors.)  My guess is that these videos will be too large to send through regular email, so you can find my SecureMail link below.  If you have any questions, please give me a call directly at 480-312-7861.  Thanks so much, and I hope you have a nice evening, as well!  -Danielle

**From:** Elizabeth Tate <attorneyelizabethtate@yahoo.com>
**Sent:** Monday, June 08, 2020 4:46 PM
**To:** Taebel, Danielle <dtaebel@scottsdaleaz.gov>
**Cc:** Day, Diana <DDay@Scottsdaleaz.gov>; Frost, Vickie <VFrost@Scottsdaleaz.gov>
**Subject:** Re: Ivchenko v. City of Scottsdale et al. - MIDP

⚠ **External Email: Please use caution if opening links or attachments!**

Dear Ms. Taebel,

Attached please find IVCHENKO0000001 - IVCHENKO0000003.  Please let me know if you have any trouble opening them.

Thank you and I hope you have a wonderful evening.

Sincerely,

Natalie Elton

Assistant to Elizabeth D. Tate, Esq.

On Monday, June 8, 2020, 01:34:02 PM MST, Taebel, Danielle <dtaebel@scottsdaleaz.gov> wrote:

Thank you, Ms. Tate.  Unfortunately, the files you attached are shortcuts and, therefore, we are unable to open them (I confirmed that Diana received the same shortcut files).  Can you please resend the videos?  They are probably larger files and, if so, you may need to upload them to my SecureMail link below.  If you have any questions, please let me know.  Thanks!  -Danielle

https://securemail.scottsdaleaz.gov/filedrop/dtaebel@scottsdaleaz.gov

**From:** Elizabeth Tate <attorneyelizabethtate@yahoo.com>
**Sent:** Monday, June 08, 2020 12:11 PM
**To:** Taebel, Danielle <dtaebel@scottsdaleaz.gov>
**Subject:** Re: Ivchenko v. City of Scottsdale et al. - MIDP

⚠ **External Email: Please use caution if opening links or attachments!**

See attached.

On Monday, June 8, 2020, 01:09:19 PM MDT, Taebel, Danielle <dtaebel@scottsdaleaz.gov> wrote:

Good afternoon, Ms. Tate.

We have received the Notice of filing your MIDP.  Would you mind forwarding a copy of the MIDP and exhibits to me (I'm Diana's paralegal) and Vickie (Diana's legal assistant) so that we can process it?  If the attachments are too large, you can upload them to my SecureMail link below (it can handle up to 4gb of information).

https://securemail.scottsdaleaz.gov/filedrop/dtaebel@scottsdaleaz.gov

Thanks so much!!

-Danielle

**Danielle Taebel, ACP, X1SE**
Lead Paralegal / Office Manager
Scottsdale City Attorney's Office
**T: 480-312-7861**
**F: 480-312-2548**
dtaebel@scottsdaleAZ.gov

This message contains information that may be confidential and privileged.  If you are not the intended recipient, you are hereby notified not to read the message and that any dissemination, distribution, or copying of this message or any attachment(s), is strictly prohibited.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.   If you have

received this message in error, please advise the sender by replying to this email and then deleting the message and any attachment(s). Thank you.

Please consider the environment before printing this email.

---

**From:** Day, Diana <DDay@Scottsdaleaz.gov>
**Sent:** Tuesday, June 02, 2020 10:51 AM
**To:** Elizabeth Tate <attorneyelizabethtate@yahoo.com>
**Cc:** Frost, Vickie <VFrost@Scottsdaleaz.gov>; Taebel, Danielle <dtaebel@scottsdaleaz.gov>
**Subject:** Ivchenko v. City of Scottsdale et al.

Elizabeth,

Thanks for the call this morning to confer in advance of the upcoming case management and conference and to confer regarding defects in the complaint that would be potentially curable with amendment in anticipation of a potential motion for judgment on the pleadings/motion to dismiss an amended complaint. I will look forward to receiving from you a draft Report and your MIDP statement and exhibits on over the weekend so that we can have Monday to review and add defense input to the report prior to next Tuesday's report deadline.

Thanks,

Diana


Diana Day, Assistant City Attorney

Scottsdale City Attorney's Office

3939 North Drinkwater Boulevard

Scottsdale, Arizona 85251

480-312-2661 direct line

480-312-2405 main line

dday@scottsdaleaz.gov

_____

| | |
|---|---|
| **From:** | Elizabeth Tate |
| **To:** | Day, Diana |
| **Subject:** | Re: Ivchenko v. Scottsdale - Conferral re: Second Amended Complaint |
| **Date:** | Monday, August 10, 2020 3:14:22 PM |

**External Email: Please use caution if opening links or attachments!**

Dear Ms. Day
I meant to say court provided authority stating clearly established right did not have to be alleged
Best
Ms. Tate

On Monday, August 10, 2020, 03:03:36 PM MST, Day, Diana <dday@scottsdaleaz.gov> wrote:

I understand.  Thank you for your prompt response.

Diana Day, Assistant City Attorney
Scottsdale City Attorney's Office
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
480-312-2661 direct line
480-312-2405 main line
dday@scottsdaleaz.gov

_____
This message contains information that may be confidential and privileged.  If you are not the intended recipient, you are hereby notified not to read the message and that any dissemination, distribution, or copying of this message or any attachment(s), is strictly prohibited.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.  If you have received this message in error, please advise the sender by replying to this email and then deleting the message and any attachment(s). Thank you.

---

**From:** Elizabeth Tate <attorneyelizabethtate@yahoo.com>
**Sent:** Monday, August 10, 2020 2:55 PM
**To:** Day, Diana <DDay@Scottsdaleaz.gov>
**Subject:** Re: Ivchenko v. Scottsdale - Conferral re: Second Amended Complaint

**External Email: Please use caution if opening links or attachments!**

Dear Ms. Day
Thank you for your email.  The Court provided us with authority that established that  a clearly established right must be alleged in the complaint.  I've given  you the cases on the ADA and police departments.  We will respond to any motion to dismiss you may file.
Best
Ms. Tate

On Monday, August 10, 2020, 02:39:56 PM MST, Day, Diana <dday@scottsdaleaz.gov> wrote:

Dear Ms. Tate,

I write to confer regarding the deficiencies in the Second Amended Complaint prior to filing my anticipated motion to dismiss.

Throughout many discussions, most notably our first "discovery meeting" call, I have explained the issues I had with the list of claims in your First Amended Complaint, my belief that the facts of the underlying incident do not give rise to any federal constitutional or statutory violations given the nature of the incident, my interpretation of federal disability law as not requiring officers to take an intoxicated suspect to a detox facility during the course of a lawful arrest, and my belief that there needs to be some clearly established case law in order for the case to get past qualified immunity.  All of the claims remain unchanged in the Second Amended Complaint, which adds only a few additional facts.  The only thing thing I have to add regarding the SAC is that I do not believe that the additional facts go far enough to resolve the alleged deficiencies we've already discussed at length.  If you have a contrary position or some case law regarding any of these issues, I would welcome further discussion.

Ultimately, while I do believe that there are deficiencies in the SAC, I do not believe that they are curable by amendment short of outright dismissal, although I am always willing to entertain further discussion.

Please let me know if you would like to discuss any further or if you plan to seek leave of Court to further amend your complaint.

Diana Day, Assistant City Attorney
Scottsdale City Attorney's Office
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
480-312-2661 direct line
480-312-2405 main line
dday@scottsdaleaz.gov

_____
This message contains information that may be confidential and privileged.  If you are not the intended recipient, you are hereby notified not to read the message and that any dissemination, distribution, or copying of this message or any attachment(s), is strictly prohibited.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.  If you have received this message in error, please advise the sender by replying to this email and then deleting the message and any attachment(s). Thank you.