1 Elizabeth D. Tate   AZ Bar No.  32659

2 2953 N. 48th Street

3 Phoenix, AZ 85018-7749

4 Telephone (602) 670-4653

E-mail: attorneyelizabethtate@yahoo.com

5 Fax (602) 595-5959

6 Attorney for Plaintiff Renee Ivchenko

7

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE DISTRICT OF ARIZONA**

11

12

13 **Renee Ivchenko,**

14 **Case # 2:19 CV 05834 ROS DMF**

15 Plaintiff,

16 v.

17 **City of Scottsdale,** et. al. **RESPONSE TO "CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT"**

18 Defendant. **(dkt. #36)**

19

20

21

22

23     Plaintiff Mrs. Renee Ivchenko, by Elizabeth D. Tate, her undersigned

24 counsel, (1) responds in opposition to the ""City Defendants' Motion to Dismiss

25 Plaintiff's Second Amended Complaint" (dkt. #35), and (2) objects to and moves

26 to strike portions of the Motion to Dismiss including attached Exhibit #1 "the police

27 report" pursuant to LRCiv 7.2.(m).

28



1

Motions to dismiss are generally governed by FRCP Rule 12(b). Defendants base their Motion upon section 6.

**1. Plaintiff's Claims**

In her Second Amended Complaint ("SAC"), dkt. #35, Plaintiff Mrs. Renee Ivchenko ("Mrs. Ivchenko") has filed three claims for relief. The first claim is against the City of Scottsdale and Defendant Scottsdale Police Dept. Officers Brandon Treglown, Sean Charles Ryan and Thomas Michael Dearing ("Officer Treglown", "Officer Ryan" and "Officer Dearing") in their individual capacities, under 42 U.S.C. 1983 for violation of her federal constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by violating her personal right to be free from warrantless arrest in her home. The second and third claims are against the City of Scottsdale for violation of her rights under the ADA and the Rehabilitation act to be free from arrest because of her disability, to wit "alcoholism" and violation of her right to a reasonable accommodation.

**2. Applicable Standards for a FRCP Rule 12(b)6 Motion**

To survive a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6), the Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). Allegations of specific facts in the Complaint are presumed to be true for Rule 12(b)(6) purposes. *Lee v. City of Los Angeles*, 250 F. 3d 668, 681 (9th Cir., 2001). *Henry A. v. Wilden,* 678 F. 3d 991, 998 (9th Cir., 2012) ("We review de novo the district court's decision to grant Defendants' motion to dismiss under Rule 12(b)(6). *ASW,* 424 F.3d at 974.

"We accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party. *Id".*)

The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In resolving a motion to dismiss at the FRCP Rule 12(b)(6) stage of litigation, a plaintiff's allegations need not be shown to be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F. 3d 1202, 1216-1217 (9th Cir., 2011).  As the Supreme Court wrote in *Twombly,* FRCP Rule 8(a) " *does not impose a probability requirement at the pleading stage;* it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Id.

In adjudicating a Rule 12(b)(6) motion to dismiss, ... a court does not resolve factual disputes between the parties on an undeveloped record.  Instead, the issue is whether the pleading states a sufficient claim to warrant allowing the [plaintiffs] to attempt to prove their case." *Lee v. City of Los Angeles* supra, at p. 688 (9th Cir., 2001) ("factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)"),

Because of the high standard required for dismissal at the initial pleading stage, Rule 12(b)(6) motions to dismiss are disfavored. *Durning v. First Boston Corp.*, 815 F. 2d 1265, 1269 (9th Cir., 1987).  *Williams v. Gorton,* 529 F. 2d 668, 672 (9th Cir., 1976).

The SAC plausibly alleges specific facts which if true would state a claim for relief under 42 U.S.C. 1983 for violation of Ivchenko's fourth amendment to be free from warrantless arrest in her home. Defendants' Motion to Dismiss is based upon "facts" or "evidence" that are extrinsic to (and not included in)

the allegations in the Complaint, and therefore such matters cannot be considered in a Rule 12(b)(6) motion unless it is converted into a FRCP Rule 56 motion for summary judgment pursuant to Rule 12(d).

This Response includes objections and motions to strike all matters alleged in the Response that are not taken from the SAC, except those facts that the Court may establish by taking judicial notice which are actions taken by the Maricopa County Superior Court as documented in that Court's records, and Almanac Data which are attached to Defendants' Motion to Dismiss (Exhibits 2-3).

When subtracting out all of the factual allegations in the Motion which are not established either by the SAC or judicial notice, <u>the Court is left with two determinations:</u>

**A. Does the SAC plausibly allege that the Defendants knowingly violated Ivchenko's U.S. Constitutional Fourth and Fourteenth Amendments to be free from warrantless arrest in her home?**

**B. Does the SAC plausibly allege disability discrimination by the City of Scottsdale as prohibited by the ADA and Rehabilitation Act?**

On April 21, 2018, the Defendants did the following as alleged in SAC paragraphs 7 -10.

1. The Defendant police officers arrived to Ivchenko's home with their supervisor, Sergeant P. Michael. (SAC ¶ 7)

2. The Defendant Police Officers learned of Ivchenko's dire intoxicated condition and high seizure risk and history and that her call to 911 was baseless. Mr. Ivchenko as the officers ot take Mrs. Ivchenko to a detox facility such as Community Bridges in Mesa. (SAC ¶ 8)

3. The Defendant Police Officers denied Mr. Ivchenko's request that Ivchenko be taken to a hospital or detox facility. (SAC ¶ 8)



4

4. Defendant Officer Treglown lectured Ivchenko to which Ivchenko had no ability to respond appropriately or comprehend instructions. (SAC ¶ 8)

5. The Defendant Officers instructed Mr. Ivchenko to leave his home. When Mrs. Ivchenko attempted to shake Officer Treglown's hand, Treglown pushed Mrs. Ivchenko which Mrs. Ivchenko protested. Mrs. Ivchenko questioned how Treglown could "push her around like that". Officer Treglown became increasingly incensed by Mrs. Ivchenko's confusion and questioning and lost his composure, telling Mrs. Ivchenko "don't argue with me". Because Mrs. Ivchenko could not respond appropriately, Officer Treglown became infuriated and pushed Mrs. Ivchenko a second time. The other officers made no attempted ot rein Officer Treglown in. Officer Treglown then asked for assistance from Defendant Ryan who said, "We can't keep coming out here". (SAC ¶ 9)

6. The officers continued to enflame the situation while Mrs. Ivchenko became even more agitated and berated Officer Treglown. Officer Treglown flew into to rage, telling her to "calm down" and tried to detain Ivchenko. Treglown then falsely asserted that Mrs. Ivchenko had assaulted him. Officer Treglown grabbed Mrs. Ivchenko by the right arm as Officer Ryan grabbed the left. Officer Dearing guarded the door so no one could enter or exit. The officers handcuffed Mrs. Ivchenko while Mrs. Ivchenko pleaded for help. The officers then led Mrs. Ivchenko to a police car where she was taken to jail booked and charged with aggravated assault on a peace officer along with two other misdemeanors that were never charged. (SAC ¶ 10)

7. On the way to jail, Mrs. Ivchenko experienced blackouts. The Defendant Officers ignored her pleas for help and calmly listened to background music. Mrs. Ivchenko spent the night in jail without socks or shoes and feared for her life while



suffering from dangerous alcohol with drawal symptoms that had led to seizures in the past. (SAC ¶ 11)

8.   Defendant City of Scottsdale officers wrongly arrested Mrs. Ivchenko. Prior to her arrest, City of Scottdale officers had the time and opportunity to evaluate the situation and apply the accommodations suggested by Mr. Ivchenko, while de-escalating matters rather than enflaming them or calling for specialized help from officers trained to interact with someone with Mrs. Ivchenko's disability. Once arrested, City of Scottsdale Officers permitted Mrs. Ivchenko to blackout with a severe, life threatening blood alcohol content of around 0.30% and ignoring the obvious need for medical treatment, by allowing her to remain in her home with her husband  who could monitor her condition and/or involuntarily commit her to a hospital or detoxification center. (SAC ¶28)

9.   Defendant City of Scottdale failed to properly train their police officers for  peaceful encounters with disabled persons, and such failure resulted in discrimination against Plaintiff. City of Scottsdale failed to properly train its police officers to recognize symptoms of disabilities and failed to modify its policies, practices and procedures ot prevent discriminatory treatment. (SAC ¶28)

Since the specific facts alleged in the FAC, paragraphs 7 -11 and 28 supra, establish a constitutional violation, *Welsh v. Wis.,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed 732 and disability discrimination *Sheehan v. City and County of San Francisco* 743 F.3d 1211 the facts  must be, at this stage, accepted as true, *Lee v. City of Los Angeles*, 250 F. 3d 668, 681 (9th Cir., 2001), and *Henry A. v. Wilden,* 678 F. 3d 991, 998 (9th Cir., 2012), and the Motion to Dismiss must be denied.

### 3.  In FRCP 12(b)(6) proceedings, the Court is limited to making its determination based upon the contents of the Complaint, with only two limited exceptions



1

2          Consideration of matters outside the pleading converts the Rule 12(b)(6)

3   motion to a Rule 56 motion for summary judgment, unless one of two exceptions

4   are met:

5          "First, a court may consider material which is properly submitted as part of
          the complaint on a motion to dismiss without converting the motion to dismiss
6          into a motion for summary judgment if the documents are attached to the
7          complaint. However, if the documents are physically attached to the
           complaint, they may only be considered if the documents' authenticity ... is
8          not contested and the plaintiff's complaint necessarily relies on them.
9          Second, under Fed. R. Evid. 201, a court may take judicial notice of matters
10         of public record."
11               *Lee* supra, at pgs. 688–689 (internal quotations and citations omitted)

12

13   Objections and Motion to Strike Portions of Motion to Dismiss

14   which go beyond the scope of FRCP Rule 12(b)(6):

15         As set forth in Section 3  supra, the ruling on a FRCP Rule 12(b)(6) motion

16   is limited to the allegations of the Complaint with two exceptions: (1) documents

17   referenced in the Complaint if their authenticity is not contested and the

18   complaint relies upon them; and (2) matters which the Court may take judicial

19   noticed of.  Defendants in their Motion include two "statements" which are factual

20   in nature which are not derived from the SAC (or any document referenced

21   therein).

22         **A**. Objections and motion to strike portions of text of motion to dismiss:

23         Pursuant to LRCiv 7.2(m), Plaintiff Mrs. Ivchenko moves to strike the following

24   portions of the text of the Motion to Dismiss (dkt. #36)  which are not taken or

25   based upon the SAC but are instead purely extraneous police reports  and not

26   within one of the two exceptions to the rule that extraneous matters cannot be

27   considered in ruling upon Rule 12(b)(6) motions, *Lee v. City of Los Angeles*,

28



supra:

     Pg. 3, line 4

     Pg. 3, lines 16 through 18

     Pg. 4, lines 6 through 8

     Pg. 4 lines 12 through 17

     Pg. 4 20 through 21

However, the "Excerpts from County Records" quoted at Exhibit Two page 1 is derived from a document filed by the police which is in the Superior Court file and was attached to the Motion as Exhibit Two. Page 1.  It cannot be evidence of the truth of the contents, but rather only that such document was in the Court file. Further, the acknowledgment itself stated it may only be used against Mrs. Ivchenko should she fail to complete the felony diversion program and her case proceeds to trial. Neither of these prerequisites occurred.

     **B.** Objections and motion to strike Exhibit 1   attached to the Motion: Pursuant to LRCiv 7.2(m), Plaintiff Mrs. Ivchenko moves to strike Exhibit 1 attached to the Motion to Dismiss.  It is extraneous to the allegations of the Complaint and not within one of the two exceptions to the rule that extraneous matters cannot be considered in ruling upon Rule 12(b)(6) motions, *Lee v. City of Los Angeles*, supra.  It is also lacking in foundation and authentication.

     **C.** Objections and motion to limit Exhibit 2 all pages attached to the Motion: Plaintiff recognizes that this Court may take judicial notice of the records of a case in the Maricopa County Superior Court and data from an almanac.  Exhibits 2   attached to the Motion to Dismiss are copies of documents from the court file on the criminal charge against Mrs. Ivchenko based upon her conduct in her home.  Exhibit 2, pages 2 to 6 prove that Mrs. Ivchenko was charged and that the charges were dismissed.  That fact is conceded and not in dispute.  However,



Exhibit Two page 1 contains an acknowledgment by Mrs. Ivchenko that may only be used against her should she have failed to meet the requirements of her pretrial program. Mrs. Ivchenko successfully completed her program. Accordingly, Mrs. Ivchenko requests that the Exhibit Two page 1 be stricken. Therefore, while the Court may take judicial notice of the Superior Court records, various statements by parties appearing in those records cannot be judicially noticed for the truth of such statements, only that they were made in the Court records, and the Court cannot accept such statements by the parties as proven facts. *S.B. by Kristina B. v. California Dept. of Education*, 327 F. Supp. 3d 1218, footnote 1 (E.D. Cal., 2018).  In sum, the Superior Court records prove **only** that the charges against Mrs. Ivchenko were dismissed.  Mrs. Ivchenko has no objection to the Court taking judicial notice of Exhibit 3 which are weather conditions and the time for the sunset on the day in question.

### 4. Defendant's Argument that there are "Incurable Pleading Deficiencies Defeat Nearly Every Claim" is without merit.

The Scottsdale Defendants argue that Mrs. Ivchenko's unlawful arrest, excessive force for Defendants Ryan and Dearing, failure to intervene, privacy, due process,   conspiracy  and punitive damages claims should be dismissed, since there was probable cause that Mrs. Ivchenko allegedly committed two crimes, an assault against Mr. Ivchenko and Defendant Officer Treglown. This argument completely relies upon evidence outside of the pleadings (the police reports).  Defendants' point to red marks on Mr. Ivchenko as documented in the police report to establish there was probable cause for domestic violence. Defendants rely upon police reports to establish that among other things, Mrs. Ivchenko was screaming and throwing her arms.   None of these "facts" are taken from the complaint. Mrs. Ivchenko made her objections to this evidence in



section 4 supra.  By adding additional factual matters to its Motion to Dismiss, the Defendants improperly seek dismissal.  The proper vehicle and timing for the Defendants to add facts for the Court's consideration is at the summary judgment stage.

A. Failure to Intervene

Police officers have a duty to intervene when fellow officers violate the constitutional rights of citizens. *United States v. Koon* 34 F.3d 1416 (9th Cir. 1994).  Mrs. Ivchenko need only allege that the officers had an opportunity to intercede. The other officers made no attempt to reign Officer Treglown in who asked for their assistance.  Defendant Ryan said, "We can't keep coming out her." (SAC ¶ 9) These allegations sufficiently allege that the other officers had the opportunity to intercede because Defendant Treglown asked for their assistance.  Mrs. Ivchenko repeated pleaded for help. (SAC ¶ 6).   Mrs. Ivchenko sufficiently pleaded failure to intervene.

B. Privacy

The Fourth Amendment provides a subjective expectation of privacy when society is prepared to recognize it as reasonable. *Rakas v. Illinois* 439 U.S. 128, 143, 99 S. Ct 421, 58 L. Ed 387 (1978) Mrs. Ivchenko's expectation of privacy in her home is reasonable.   The SAC alleges that Mr. Ivchenko wanted to have Mrs. Ivchenko treated a detox center such as Community Bridges. Defendants interfered and took away Mrs. Ivchenko's privacy right to seek treatment at a detox center, instead taking her to jail.

C. Due Process

To sufficiently allege a violation of her due process rights, Mrs. Ivchenko need only allege that she was deprived of her liberty and subjected to conditions that amounted to punishment. *Ingraham v. Wright* 430 U.S. 651, 97 S.Ct. 1401, 51



L. Ed 771 (1976).  Mrs. Ivchenko spent the night in jail without socks or shoes and feared for her life while suffering from dangerous alcohol withdrawal symptoms that had led to seizures in the past. (SAC ¶ 11).  These allegations sufficiently alleged conditions that amounted to punishment.

D. Conspiracy

To establish liability for conspiracy in a 1983 case, Mrs. Ivchenko must demonstrate the existence of an agreement or a meeting of the minds to violate constitutional rights. The agreement may be inferred or based on circumstantial evidence of the Defendants' actions. *Burns v. City of Concord* 99 F. Supp 3d 1007 (N.D. Cal. 2015)

Mrs. Ivchenko alleged integral participation and fundamental involvement of each defendant officer.  Each Defendant Officer had knowledge of Officer Treglown plan to arrest Mrs. Ivchenko.  Two grabbed her by the arm. The officer guarded the door to the home so no one could leave or enter.  These actions establish a meeting of the minds sufficient for Mrs. Ivchenko's conspiracy to violate her Fourth Amendment rights claim to survive.

E. Disability discrimination under the ADA and Rehab Act

Mrs. Ivchenko may plausibly allege disability discrimination by providing the fact that she was wrongfully arrested by the misperceptions of the Defendant Officers and/or that she was denied a reasonable accommodation. *Sheehan v. City and County of San Francisco* 743 F.3d 1211 (9th Cir. 2014) The SAC alleges facts that Mrs. Ivchenko was intoxicated could not understand and follow Defendant Treglown's directives. Defendant Treglown became infuriated so he decided to fabricate probable cause that she assaulted him after he shoved her two times.  To counter these facts, Defendants ask the Court to consider Treglown's police report which should not be considered because it is outside of

the pleadings.  Defendant Treglown misperceived Mrs. Ivchenko's drunken behavior as criminal activity.

Mr.  Ivchenko asked for a reasonable accommodation to take Mrs. Ivchenko to a detox facility.  Again, the Defendants counter this argument by pointing the police report but claim that making this accommodation would fundamentally alter the nature of the function of the police department.  Such is not the case when no crime has been committed as alleged in the SAC. Therefore, this Court should not dismiss Mrs. Ivchenko's disability discrimination claims.

**5**. <u>**Warrantless felony arrests in the home are prohibited by the Fourth Amendment absent probable cause and exigent circumstances.**</u>

Defendants argue that the Defendant had probable cause to arrest Mrs. Ivchenko.  This argument may not be considered because it is based on police reports.  Defendants secondarily argue that the Mrs. Ivchenko pled herself out of court because the SAC alleges that Mrs. Ivchenko made baseless police report that is a misdemeanor.  While Arizona law is less protective than federal fourth amendment standard, the federal standard applies.

The U.S. Supreme Court in *Welsh v. Wis.,* 466 U.S. 740, 104 S.Ct. 2091, 80 L. Ed 732 held that warrantless felony arrests in the home are prohibited absent probable cause and exigent circumstance.  In this case, the Defendants may not establish probable cause or exigent circumstances for Mrs. Ivchenko's felony arrest.

The SAC alleged that Officer Treglown fabricated that Mrs. Ivchenko assaulted him. Even if Defendants may establish probable cause, no exigent circumstance existed for Mrs. Ivchenko's arrest.  There was no immediate threat to anyone's safety.  The Defendants attempt to justify Mrs. Ivchenko's arrested



based on community caretaking. However, community caretaking has no application to an in-home arrest. *State v. Wilson* 237 Ariz. 256, 350 P.3d 800 (2015)   Searches and seizures inside a home are presumptively unreasonable. *Hopkins v. Bonovicino* 573 F.3d 752 (9th Cir. 2009). The Defendants simply may not establish any valid reason for arresting Mrs. Ivchenko in her home.

### 6. <u>Defendants' Argument that Qualified Immunity bars all claims is not available since the constitutional prohibition warrantless in-home arrests has been established since 1983.</u>

The Fourth and Fourteenth Amendment Constitutional protection warrantless in-home arrests was in effect when the claim in the instant case arose. *Welsh v. Wis,* 466 U.S. 740, 104 S.Ct. 2091, 80 L. Ed 732 (1983).

These constitutional protections from unlawful arrests have been specifically applied in cases where police have been invited into a home and engage in some misconduct.  The SAC alleges that Officer Treglown engaged in misconduct by fabricating probable cause.

Each Defendant police officer knew that it was not reasonable to enter the Ivchenko home, fabricate probable cause to arrest Mrs. Ivchenko in her home. The Ninth Circuit has strongly suggested that granting a Motion to Dismiss on a non-existent factual record is not a wise choice.  *Hydrick v. Hunter* 449 F.3d 978 (9th Cir. 2006) This Court should not find that the Defendant Officers are entitled to qualified immunity.

### 7. <u>The SAC sufficiently alleges facts to establish *Monell* liability.</u>

Mrs. Ivchenko alleged failures to train Defendant City of Scottdale failed to properly train their police officers for  peaceful encounters with disabled persons to properly train its police officers to recognize symptoms of disabilities and failed to modify its policies, practices and procedures ot prevent discriminatory treatment



1  that resulted in discrimination against Mrs. Ivchenko. (SAC ¶28) These allegations

2  are sufficient the City of Scottsdale's non-comprehensive training that resulted in

3  Mrs. Ivchenko being arrested in her home. *Est. of Prasad ex. rel. v. City of Sutter*

4  958 F.Supp. 2d 110 (E. D. Cal 2013)  The SAC describes failure to train that may

5  be established  by facts. *Cook v. City of Fairfield*  2017 U.S. DIST LEXIS 158010

6  (E.D. Cal 2017)  This Court should find the SAC plausibly alleges a *Monell* violation

7  without the benefit of discovery to discover citizens that have been arrested in their

8  homes.

9  **8. Defendant's Argument that punitive damages are not sufficiently pled for**

10 **1983 claim is without merit.**

11

12     In *Smith v. Wade,* 461 U.S. 30,56, 103 S.Ct 1625, 75 L.Ed 632 (1983) the

13 Supreme Court held  that punitive damages may be awarded for reckless,

14 serious indifference, disregard to the rights of others and even gross negligence.

15 Mrs. Ivchenko has sufficiently pled reckless, serious indifference to her rights

16 when police officers entered her home, fabricated probable cause and arrested

17 her without probable cause or exigent circumstance.  Defendants argument that

18 Mrs. Ivchenko failed to plead sufficient facts to support a punitive damage award

19 is without merit and the SAC should not be dismissed on that basis.

20              **8. Conclusion**

21

22     Based upon the foregoing, Plaintiff Mrs. Ivchenko respectfully requests an

23 order denying the Defendants' Motion to Dismiss Plaintiff's Second Amended

24 Complaint.

25     However, if the Court does determine that the Complaint fails to state a claim

26 for relief under the standard of Rule 12(b)(6), then the Court should state what

27 deficiency(s) it has found and give the Plaintiff leave to amend to cure the defect(s)

28



unless is clear that such leave would be futile.  *Moss v. U.S. Secret Service*, 572 F. 3d 962, 972 (9th Cir. 2009).

Respectfully submitted on this 24th day of August, 2020,


/s/ Elizabeth D. Tate
    Elizabeth D. Tate
    Attorney for Plaintiff Renee Ivchenko


Certificate of Service

I hereby certify that on this August 24, 2020, I electronically transmitted this Response to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

By: /s/ Elizabeth D. Tate
        Elizabeth D. Tate

